IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | } |
| Plaintiff, | } |
| v. | } Case No.: 7:12-CV-04107-RDP |
| $111,937.54 SEIZED FROM FIRST METRO BANK ACCOUNT NO. X-3436, | } |
| Defendant. | } |

**MEMORANDUM OPINION**

Before the court is Claimants' Moore Enterprises, Inc. and Rosemary Hipps's ("Claimants") Motion to Dismiss (Doc #9), filed on February 13, 2013. The Motion (Doc. #9) has been fully briefed (*See* Docs. #11, #12) and is properly under submission. For the reasons stated below, Claimants' Motion (Doc. #9) is due to be denied.

**I.      BACKGROUND AND ALLEGATIONS OF THE VERIFIED COMPLAINT**[1]

Plaintiff initiated this action on December 17, 2012 by filing a Verified Complaint for Forfeiture In Rem. (Doc. #1). Plaintiff seeks forfeiture of $111,937.54 seized from First Metro Bank, Account Number x-3436 ("Defendant Funds") pursuant to 31 U.S.C. § 5317. (*Id.* at ¶ 1). Agents of the Internal Revenue Service, Criminal Investigations ("IRS-CI") seized the Defendant Funds as property involved in or traceable to a structuring offense in violation of 31 U.S.C. § 5324. (*Id.* at ¶ 5). Plaintiff alleges that Moore Enterprises, Inc. and its incorporators "structured" payments at First Metro Bank for the purposes of evading currency transaction report ("CTR") requirements

---

[1]On a motion to dismiss, the court accepts as true all factual allegations set forth in the complaint. *See Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002).

under 31 U.S.C. § 5313(a), which is a violation of 31 U.S.C. § 5324(a). (*Id.* at ¶¶ 8, 24). Under 31 U.S.C. § 5317(c)(2), any property involved in or traceable to a violation of 31 U.S.C. § 5324 is subject to forfeiture. (*Id.* at ¶ 9).

Specifically, in 2012, law enforcement officers and agents of IRS-CI reviewed records maintained at First Metro Bank regarding the bank account of Moore Enterprises, Inc.'s bank account number x-3436. (*Id.* at ¶ 10). According to the Alabama Secretary of State, Moore Enterprises, Inc. is a domestic corporation formed in 1977 that operates under the store names of "Larry's Jewelry and Pawn." (*Id.* at ¶ 11). The business is located in Florence, Alabama. (*Id.*). Currently listed as incorporators are R.D. Moore, Margaret Moore, and Rosemary Hipps. (*Id.* at ¶ 12). As of July 2012, the Alabama Secretary of State website listed Larry Dale Hipps as President and Rosemary Hipps as Secretary. (*Id.*). Larry's Jewelry and Pawn is also believed to be a registered money service business providing check cashing services. (*Id.* at ¶ 13).

Alabama Department of Industrial Relations records indicate that from the third quarter of 2010 through the first quarter of 2012 (a period of 21 months), Larry Dale Hipps reported total earnings of $24,380.00. (*Id.* at ¶ 14). Rosemary Fowler Hipps reported no earnings during this same time period. (*Id.*). Between January 25, 2012 and February 28, 2012, Larry's Jewelry and Pawn had deposits totaling $189,168.29 in the bank account ending in x-3436. (*Id.* at ¶ 15). This account is primarily funded by the sale of jewelry and pawned merchandise as well as check cashing transactions. (*Id.*). The check cashing transactions consisted of $140,631.32 (about 74%) of the $189,168.29 in deposits. (*Id.*).

Financial records also indicate that between January 25, 2012 and February 28, 2012, twelve checks were cashed that individually were less than $10,000.01, but never exceeded $10,000.01.

(*Id.* at ¶ 16). The transactions indicate they were structured to circumvent reporting requirements. (*Id.*). Plaintiff has supplied a chart detailing these withdrawals including the date, check number, purpose, to whom the check was written, the amount, and the name of the individual who signed the check. (*See id.* at ¶ 17).

Plaintiff has also provided certain details regarding certain transactions. On February 1, 2012, check #3753 was written and cashed by Larry Dale Hipps. (*Id.* at ¶ 18). The numerical value of the check was originally written to reflect $11,205.15 but was then crossed out and the amount $9,500.00 was written above it. (*Id.*). Next, Larry Dale Hipps wrote and cashed check #3764. (*Id.* at ¶ 18). This check had an original numerical value of $21,318.75 but that amount was crossed out and the amount $9,500.00 was written above it. (*Id.*). Further, on the line where the amount is written out, the letters "TW" were crossed out and the hand written amount was then shown to reflect "ninety five hundred & no cents." (*Id.*). Plaintiff maintains that both of these checks show the initials of Larry Dale Hipps and were changed to reflect amounts below the reporting threshold for the filing of a CTR. (*Id.* at ¶ 20). Moreover, both checks were altered and cashed within a five day period, indicating knowledge of steps one must take to cause a financial institution to fail to file a CTR in violation of 31 U.S.C. § 5324. (*Id.*).

Plaintiff also alleges that Rosemary Hipps and Moore Enterprises were aware of the requirement to file CTR in cash transactions where they received more than $10,000.00 from a customer because Rosemary Hipps filled out a CTR report on behalf of Larry's Jewelry and Pawn on March 28, 2012. (*Id.* at ¶ 21). This report was filed to reflect that a customer cashed a check for $10,271.00 on February 11, 2012. (*Id.*). In a post-seizure interview, Rosemary Hipps told investigators she was familiar with bank forms, including the CTRs banks are required to fill out if

a customer conducts a bank transaction that is greater than $10,000.00. (*Id.* at ¶ 22). During this same interview, Larry Dale Hipps admitted that he purposefully withdrew less than $10,000.00 at a time, but claimed that the banks had encouraged him to do so because they did not want to fill out the CTRs. (*Id.* at ¶ 23). Moore Enterprises, Inc., Rosemary Hipps, and Larry Dale Hipps have structured transactions totaling $113,350.00 into increments of less than $10,000.01 in order to evade reporting requirements under 31 U.S.C. § 5313 and its accompanying regulations, in violation of 31 U.S.C. § 5324. (*Id.* at ¶ 24). Therefore, up to $113,350.00 contained within First Metro bank account number x-3436, held in the name of Moore Enterprises, Inc., are forfeitable pursuant to 31 U.S.C. § 5317(c)(2) for violation of 31 U.S.C. § 5324(a). (*Id.* at ¶ 25).

On February 13, 2013, Claimants filed a Motion to Dismiss Plaintiff's Complaint arguing that (1) pursuant to Federal Rule of Civil Procedure 12(b)(1) this court lacks subject matter jurisdiction because the Complaint fails to show that Plaintiff has complied with the requirements of 18 U.S.C. § 983 required for a civil forfeiture proceeding and (2) pursuant to Federal Rule of Civil Procedure 12(b)(6) the Complaint fails to state a claim upon which relief can be granted. (Doc. #9 at ¶¶ 1-2). Plaintiff filed a Response in Opposition to Claimants' Motion to Dismiss on March 5, 2013. (Doc. #11). Claimants filed their Reply to Plaintiff's Response on March 12, 2013. (Doc. #12).

## II.   STANDARD OF REVIEW

Challenges to subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). When presented with a facial attack on the complaint, the court determines whether the complaint has sufficiently alleged subject-

matter jurisdiction. *Sinaltrainal*, 578 F.3d at 1260. With respect to the facts pleaded in the complaint, the court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id.*

A factual attack differ from a facial one and question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Not surprisingly, when confronted with a factual attack, the court applies a different standard of review:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence*, 919 F.2d at 1529, citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981). "When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion." *Jones v. State of Ga.*, 725 F.2d 622, 623 (11th Cir. 1984).

### B.   Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S. Ct. at 1950. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's

plausibility given the well-pleaded facts.  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct."  *Id.*  If the court determines that the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed.  *Id.*

In this action, these traditional pleading rules are modified by the Supplemental Rules and the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA")[2], which establish requirements specific to civil "forfeiture action[s] in rem arising from a federal statute."  Supp. R. G(1).  The Supplemental Rules require Plaintiff to set forth its claims "with such particularity that the defendant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."  Supp. R. E(2)(a).  Additionally, the Supplemental Rules require that a complaint in an *in rem* forfeiture action "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  Supp. R. G(2)(f).

## III.   DISCUSSION

Claimants assert two primary arguments in their Motion to Dismiss.  First, Claimants maintain that this court does not have subject matter jurisdiction because the allegations of Plaintiff's Complaint fail to demonstrate that Plaintiff has complied with 18 U.S.C. § 983 required for a civil forfeiture proceeding.  (Doc. #9 at ¶ 1).  Second, Claimants argue that Plaintiff's Complaint fails to state a claim for which relief can be granted because (a) Plaintiff has not complied with the requirements of 18 U.S.C. § 983  and (b) certain allegations contained in Plaintiff's Complaint are conclusory or speculative and therefore do not state facts sufficient to support a claim of forfeiture.  (*Id.* at ¶ 2.a, 2.b.).  The court addresses each of these arguments in turn.

---

[2]Pub. L. No. 106-185, 114 Stat. 202 (codified at 18 U.S.C. § 983).

### A.     This Court Has Subject Matter Jurisdiction

Claimants' first argue that the court lacks subject matter jurisdiction because Plaintiff has not complied with the requirements of 18 U.S.C. § 983. Specifically, Claimants contend that (a) Plaintiff has not complied with relevant notice requirements; (b) Plaintiff has not obtained a criminal indictment containing an allegation that the property described is subject to forfeiture and (c) Plaintiff does not allege that the property is contraband. (Doc. #9 at ¶ 1.a, 1.b., 1.c.). After careful review, the court finds that Claimants' arguments completely miss the mark.

### 1.     Civil Forfeiture Notice Requirements

The general rules for civil forfeiture proceedings require that in a nonjudicial proceeding, the government must send written notice to interested parties no more than sixty (60) days after the date of the seizure. 18 U.S.C. § 983(a)(1)(A)(i). According to Plaintiff, the Defendant Funds were seized on July 12, 2012 and on August 20, 2012, an IRS agent sent notice of the seizure to Claimants. (Doc. #11 at pg. 8). Therefore, the initial notice was sufficient as it was sent within sixty (60) days from the date of seizure. Subsequently, on September 20, 2012, Claimants filed claims to the Defendant Funds with the IRS. The filing of these claims initiated civil judicial forfeiture proceedings, and that required Plaintiff to file a Complaint within ninety (90) days. *See* 18 U.S.C. §§ 983(a)(2)(A), 983(a)(3)(A). Plaintiff filed the Complaint on December 17, 2012, which was within ninety (90) days of September 20, 2012. (Doc. #11 at pg. 8). Moreover, according to Supplemental Rule G(4)(b), Plaintiff sent direct notice of the action and a copy of the Complaint to any person who reasonably appeared to be a claimant. (*See* Docs. #2, #3, #4, #5, #6). Thus, the court finds Plaintiff has satisfied the relevant notice requirements.

### 2. Plaintiff Need Not Have Obtained a Criminal Indictment Prior to Seizure

The general rules for civil forfeiture proceedings provide that:

> If the Government does not-(i) file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or (ii) before the time for filing a complaint has expired-(I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute, the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

18 U.S.C. §§ 983(a)(3)(B). The statute does not require the Government to have obtained an indictment prior to filing the Complaint. The statute permits the Government two options: (1) it may file a Complaint for forfeiture *or* (2) include the property in a forfeiture provision in a criminal indictment prior to certain deadlines in order to pursue forfeiture of property. *See id.* Here, Plaintiff elected the former and filed a Complaint for forfeiture. Contrary to Claimants' argument, Plaintiff was not required to obtain a criminal indictment prior to seeking forfeiture.

### 3. Plaintiff's Complaint Need Not Allege the Subject Property is Contraband

Like Plaintiff, the court is unclear about the basis of Claimants' contention that the Government was obligated to assert that the Defendant Funds were contraband. Claimants cite no legal authority for this proposition, and the court has reviewed Supplemental Rule G(2)[3] and finds

---

[3]Under Supplemental Rule G(2), Plaintiff's Complaint must:
   (a) be verified;
   (b) state the grounds for subject-matter jurisdiction, *in rem* jurisdiction over the defendant property, and venue;
   (c) describe the property with reasonable particularity;
   (d) if the property is tangible, state its location when any seizure occurred and–if different–its location when the action is filed;
   (e) identity the statute under which the forfeiture action is brought; and

9

no requirement that Plaintiff's Complaint contain an allegation that the Defendant Funds were contraband in order to confer subject matter jurisdiction. Accordingly, the court finds no merit in Claimants' arguments on this point.

The court concludes that the United States (1) complied with relevant notice requirements; (2) need not have obtained a criminal indictment prior to filing a Complaint seeking forfeiture; and (3) need not have alleged that the Defendant Funds were contraband. Thus, the court rejects Claimants' suggestion that the court lacks subject matter jurisdiction on these grounds. Having concluded that it may exercise subject matter jurisdiction over this action, the court next considers Claimants' argument that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### B. Plaintiff's Complaint Alleges Sufficient Facts to Survive Motion to Dismiss Under Rule 12(b)(6)

Claimants next contend that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Specifically, Claimants allege that (a) the Complaint does not allege facts demonstrating that Plaintiff complied with the requirements of 18 U.S.C. § 983 for the filing of a forfeiture proceeding and (b) Plaintiff's factual allegations are conclusory and speculative, and thus fail to state plausible claims. As explained below, the court disagrees.

#### 1. Plaintiff Complied With 18 U.S.C. § 983 and Supplemental Rule G(2)

After careful consideration, the court concludes that Plaintiff complied with 18 U.S.C. § 983, and therefore, that Claimants' arguments on this point do not form a basis for dismissal of the

---

(f) state sufficiently detailed fact to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Supp. R. G(2)(a)-(f).

Complaint. In support of their argument that Plaintiff's Complaint fails to state a claim because Plaintiff did not comply with the civil forfeiture requirements contained in 18 U.S.C. § 983, Claimants provide eight numbered sub-paragraphs. (Doc. #9 at pgs. 2-4). The court addresses each subparagraph separately.

First, Claimants allege Plaintiff's Complaint is deficient because it does not state the date on which the subject property was seized and therefore does not show that Plaintiff has complied with the time requirements under 18 U.S.C. § 983. (Doc. #9 at ¶ 2.a.1.). The court has reviewed 18 U.S.C. § 983 and finds no requirement that Plaintiff's Complaint include the date of seizure. Pleading sufficiency is governed by Supplemental Rule G(2). This rule does not require the Complaint to include the date of seizure. *See supra* footnote 3. Therefore, the court rejects Claimant's argument on this point.

Second, Claimants allege that Plaintiff's Complaint is deficient because it does not state the occurrence of the events or the giving of notice required by 18 U.S.C. § 983. (Doc. #9 at ¶ 2.a.2). The court is unsure to which "events" Claimants are referring. The court finds no requirement in Supplemental Rule G(2) for Plaintiff to have referred to any specific events in its Complaint. *See supra* footnote 3. Moreover, the court has already addressed the sufficiency of notice under 18 U.S.C. § 983 above in Part III.A.1, *supra*. Accordingly, the court rejects Claimants' argument as to this assertion.

Third, Claimants allege that Plaintiff's Complaint is deficient because it does not state that the subject property was used to commit or facilitate the commission of a criminal offense or was involved in the commission of a criminal offense. (Doc. #9 at ¶ 2.a.3). Claimants cite no legal authority for this proposition and contrary to Claimants' assertion, Plaintiff does state in multiple

11

paragraphs in the Complaint that the Defendant Funds were traced to a structuring offense in violation of 31 U.S.C. § 5324. (See Doc. # 1 at ¶¶ 5, 8, 9, 24, 25). Nevertheless, as explained in more detail below in Part III.B.2, *infra*, the court finds that Plaintiff's Complaint states facts sufficient to comply with the requirements of Supplemental Rule G(2). Therefore, the court rejects Claimants' arguments regarding this allegation.

Fourth, Claimants allege that Plaintiff's Complaint is deficient because it fails to show that Plaintiff is not barred from an action to effect a civil forfeiture under 18 U.S.C. § 983(a)(3)(B).[4] (Doc. #9 at ¶ 2.a.4). Section 983(a)(3)(B) requires Plaintiff to file a complaint for civil forfeiture within ninety (90) days of an administrative claim having been filed if an indictment has not been obtained. 28 U.S.C. § 983(a)(3)(B). Supplemental Rule G(2), which outlines the pleading requirements for such a complaint does not require that Plaintiff state this information in the complaint itself. *See supra* footnote 3. Moreover, Plaintiff has complied with 18 U.S.C. § 983(a)(3)(B) by filing its Complaint for forfeiture. (Doc. #1). Thus, the court rejects Claimants' arguments on this question.

Fifth, Claimants allege that Plaintiff's Complaint is deficient because it does not show Plaintiff has complied with the notice requirements for a civil forfeiture proceeding. (Doc. #9 at ¶ 2.a.5). The court has already addressed this contention in Part III.A.1., *supra*, and again rejects Claimants' arguments on this point.

Sixth, Claimants allege that Plaintiff's Complaint is deficient because it does not state that Plaintiff has obtained a criminal indictment. (Doc. #9 at ¶ 2.a.6.). The court has already addressed

---

[4]Claimants cited Section 983(3)(B). However, no such section exists. Therefore, the court assumes Claimants are referring to the requirement to file a civil forefeiture complaint in Section 983(a)(3)(B).

this contention in Part III.A.2., *supra*, and again rejects Claimants' arguments on this issue.

Seventh, Claimants allege that Plaintiff's Complaint is deficient because it does not state that the subject property is contraband. (Doc. #9 at ¶ 2.a.7). The court has already addressed this contention in Part III.A.3., *supra*, and again rejects Claimants' arguments as to this alleged deficiency.

Eighth, Claimants' allege that Plaintiff's Complaint is deficient because it does not state that Plaintiff's obtained a criminal indictment. (Doc. #9 at ¶ 2.a.8.). This argument is identical to that contained in the sixth sub-paragraph discussed above and to that already rejected by the court in Part III.A.2., *supra*. Yet again, the court concludes that Claimants' argument on this point are meritless.

The next portion of Claimants' Motion to Dismiss asserts that Plaintiff's allegations do not set forth plausible claims. Claimants provide six numbered sub-paragraphs in support of this argument. The court has carefully considered each sub-paragraph individually and has also thoroughly reviewed the Complaint. After doing so, the court concludes that Plaintiff has complied with Supplement Rule G(2) and states facts sufficient to survive a motion to dismiss.

### B. Plaintiff's Complaint States Sufficient Facts to Support a Plausible Claim

In order to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Complaint must include enough facts "to raise a right to relief above the speculative level" and must "state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 555, 570 (2007). Additionally, under Supplemental Rule G(2), Plaintiff's Complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" Supp. R. G(2)(f). In their Motion to Dismiss, Claimants maintain that certain allegations in Plaintiff's Complaint do not meet these standards. After a careful review of Claimants' arguments

and Plaintiff's Complaint, the court is satisfied that the Complaint is sufficiently pleaded.

The court will not recite every factual assertion in detail here. Each of Plaintiff's allegations allegations is outlined in Part I., *supra*. Upon examination of these detailed allegations, the court finds that Plaintiff's Complaint provides detailed statements regarding the nature of various deposits that constitute a factual basis for the statutory violation alleged. These factual details support an allegation that the Defendant Funds were structured illegally to avoiding reporting requirements under 31 U.S.C. § 5313(a), which is itself a violation of 31 U.S.C. § 5324(a). Contrary to Claimants' assertions, paragraphs 14 through 23 of Plaintiff's Complaint contains specific and particularized facts that make no speculative legal conclusions. Accordingly, the court finds that Plaintiff's Complaint has "allege[d] sufficient facts to provide a reasonable belief that the property is subject to forfeiture"–in other words, that the Defendant Funds are traceable to a violation of 31 U.S.C. § 5324. *See United States v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1528, 1548 (11th Cir. 1987). Therefore, Plaintiff's Complaint states a claim for which relief may be granted and Claimants' Motion to Dismiss is due to be denied.

IV. **CONCLUSION**

For the reasons stated above, Claimants' Motion to Dismiss (Doc. #9) is due to be denied. A separate order consistent with the memorandum opinion will be entered.

**DONE** and **ORDERED** this ____10th____ day of April, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE